1
2
3
4                               UNITED STATES DISTRICT COURT
5                                    DISTRICT OF NEVADA
6                                          * * *
                                             )
GERALD SHLESINGER,                           )
7                                            )
                Plaintiff,                    )          2:11-cv-2020-PMP-PAL
8                                            )
   v.                                        )
9                                            )
BANK OF AMERICA, N.A., et al.,               )          ORDER
10                                           )
                Defendants.                  )
11  _____ )

12          Before the Court is Plaintiff Gerald Shlesinger's ("Shlesinger") Motion for

13  Reconsideration and to Clarify (Doc. #38), filed May 25, 2012.[1]  Defendant CTX Mortgage

14  Company, LLC ("CTX") filed an Opposition (Doc. #40) on June 11, 2012.  Defendant

15  Bank of America, N.A. ("Bank of America") filed an Opposition (Doc. #42) on June 11,

16  2012.  Shlesinger filed a Reply (Doc. #45) on June 21, 2012.

17          Also before the Court is Shlesinger's Motion for Leave to Amend Plaintiff's

18  Complaint (Doc. #39), filed May 25, 2012.  Bank of America filed an Opposition (Doc.

19  #43) on June 11, 2012.  Shlesinger filed a Reply (Doc. #44) on June 21, 2012.

20          On October 12, 2011, Shlesinger brought suit in Nevada state court asserting

21  claims for unfair lending practices (count one), breach of the covenant of good faith and fair

22  dealing (count two), declaratory relief (count three), unjust enrichment (count four), breach

23

24  _____
            [1]  On May 17, 2012, Shlesinger originally filed, as one document, a Motion for
25  Reconsideration; Motion to Clarify; and Motion for Leave to Amend Plaintiff's Complaint (Doc. #37).
    After receiving the Court's notice that the document should have been filed as separate entries,
26  Shlesinger separated the document into two parts and on May 25, 2012, he re-filed them as separate
    motions, which are the subject of this Order.  As such, the Court denies Shlesinger's original Motion
    (Doc. #37) as moot.

of fiduciary duty (count five), negligent misrepresentation (count six), intentional misrepresentation (count seven), and fraudulent inducement (count eight) against Defendants Bank of America, CTX, and Direct Equity Mortgage, LLC ("Direct Equity"). (Pet. for Removal (Doc. #1), Ex. A.)  Bank of America removed the action to this Court on December 16, 2011.  (Pet. for Removal (Doc. #1).)  While acknowledging Direct Equity allegedly is a Nevada resident, Bank of America argued Shlesinger fraudulently joined Direct Equity to defeat diversity jurisdiction.  (Id. at 2-4.)

Bank of America and CTX subsequently filed motions to dismiss.  (Mot. to Dismiss (Doc. #4); Mot. to Dismiss (Doc. #25).)  On May 3, 2012, the Court granted Bank of America and CTX's motions to dismiss and entered Judgment in favor of Bank of America and CTX and against Shlesinger.  (Order (Doc. #35); J. (Doc. #36).)  Shlesinger now moves for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), for clarification of the Court's Order, and for leave to amend his Complaint.

## I.  MOTION FOR RECONSIDERATION & CLARIFICATION (Doc. #38)

Shlesinger moves for reconsideration of the Court's Order granting Bank of America and CTX's motions to dismiss on the grounds of newly discovered evidence. Specifically, Shlesinger argues that his private investigator, Anthony Pitaro ("Pitaro"), uncovered new evidence indicating Theresa Knight ("Knight"), Shlesinger's loan officer for his home equity line of credit ("HELOC") loan, was conspiring with Bank of America and others to provide borrowers with less favorable loans than they otherwise would have qualified for in exchange for kickbacks and to increase fees, interest rates, and profits.

Shlesinger attaches four documents to his Motion which he characterizes as "examples" of his private investigator's findings:  (1) Addendum to Closing Instructions, (2) Home Equity Lending Division's Authorization to Pay, (3) U.S. Department of Housing and Urban Development Estimated Settlement Statement, and (4) Uniform Residential Loan Application.  (Mot. for Recons. & to Clarify (Doc. #38) ["Pl.'s Mot. for Recons."] at 3, Exs.

1-4.)  The first three documents are loan documents that purportedly evidence the kickback scheme, and the fourth document is a loan application in which Shlesinger's signature purportedly was forged.  Attached to Shlesinger's original Motion for Reconsideration and to Shlesinger's Motion to Amend is Pitaro's affidavit in which he describes his investigation of Knight.  (Pl.'s Mot. for Recons.; Motion to Clarify; and Motion for Leave to Amend Pl.'s Compl. (Doc. #37) ["Pl.'s Original Mot. for Recons."], Ex. 5.; Mot. for Leave to Amend Pl.'s Compl. (Doc. #39) ["Pl.'s Mot. to Amend"], Ex. 5.)  In light of the purported newly discovered evidence regarding Knight, Shlesinger requests clarification as to whether the Court's Order (Doc. #35) relates only to Shlesinger's original mortgage loan or whether it also relates to his HELOC loan.

Bank of America responds that the documents attached to Shlesinger's Motion are not newly discovered evidence because they were in Shlesinger or his former attorney's possession prior to the filing of the Complaint or could have been discovered by reasonable diligence.  Further, Bank of America argues that Shlesinger does not present any evidence indicating Knight acted improperly.  Bank of America notes that Pitaro's affidavit states only that he discovered that Knight once held a mortgage license and that she is involved in other litigation, not that she acted improperly with respect to Shlesinger's loans.  Regarding Shlesinger's request for clarification, Bank of America responds that clarification is unwarranted because the Court's Order is clear that Shlesinger fails to state any viable claims and because Shlesinger's Complaint does not distinguish between his home mortgage loan and his HELOC loan.  CTX separately responds that the Court should not reconsider its Order dismissing Shlesinger's Complaint because the Complaint contains no direct allegations against CTX for any wrongdoing and because Shlesinger's newly discovered evidence does not relate to CTX.

In his Reply, Shlesinger concedes that the U.S. Department of Housing and Urban Development Estimated Settlement Statement and the Uniform Residential Loan

Application attached to his Motion were provided to him via his former attorney in 2009. (Pl.'s Reply to Def. Bank of Am.'s Opp'n to Mot. for Recons. & to Clarify (Doc. #45) ["Pl.'s Reply"] at 2.)  As for the Addendum to Closing Instructions and the Home Equity Lending Division's Authorization to Pay, "[t]hose two documents were recently discovered by [Shlesinger] in a Rubbermaid storage bin, along with hundred [sic] of pages of unrelated documents, while [Shlesinger] was cleaning out his cabinetry." Id.  Finally, and for the first time on reply, Shlesinger attaches a Report of Examination authored by forensic document examiner William L. Leaver regarding alleged forgeries of Shlesinger's signature on certain pages of the Uniform Residential Loan Application.  (Pl.'s Reply, Ex. 2.)

"Reconsideration under [Federal Rule of Civil Procedure] 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted).  Rule 60(b) allows the Court to provide relief from a final judgment on the grounds of, among other things, mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or misconduct by the defendant, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(3), (6).  It is within the Court's discretion whether to grant reconsideration. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

When a Rule 59(e) or 60(b) motion is predicated on newly discovered evidence, the movant must show "the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." Dixon v. Wallowa Cnty., 336 F.3d 1013, 1022 (9th Cir. 2003); see also Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (recognizing that the

same standard for what constitutes newly discovered evidence applies in motions brought under Rules 59(e) and 60(b)).  Evidence that was in the possession of the party before judgment or that could have been discovered and offered to the Court if the plaintiff had been diligent is not newly discovered evidence.  <u>Feature Realty, Inc. v. City of Spokane</u>, 331 F.3d 1082, 1093 (9th Cir. 2003); <u>Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.</u>, 833 F.2d 208, 212 (9th Cir. 1987).  Likewise, evidence in the possession of a party's attorney before judgment is entered is not newly discovered evidence.  <u>Feature Realty</u>, 331 F.3d at 1093 (evidence of which a party's former attorney knew but which was not discovered by the party's new attorney until eight days before entry of judgment is not newly discovered evidence because the former attorney's knowledge of evidence is properly attributable to the party under agency principles).

Here, Shlesinger concedes that the U.S. Department of Housing and Urban Development Estimated Settlement Statement and the Uniform Residential Loan Application were provided to his former attorney in 2009, before the entry of Judgment in this case on May 3, 2012.  (<u>See</u> Pl.'s Reply at 2.)  Given that evidence in the possession of a party's former attorney before the entry of judgment is not newly discovered evidence, the U.S. Department of Housing and Urban Development Estimated Settlement Statement and Uniform Residential Loan Application are not newly discovered evidence under Rule 59(e) or 60(b).

As for the Addendum to Closing Instructions and Home Equity Lending Division's Authorization to Pay which Shlesinger discovered in the Rubbermaid storage bin in his cabinet, Shlesinger argues these documents are newly discovered evidence because "[b]ut for the grace of God and a spring cleaning by [Shlesinger], these important and concealed documents may never have been available for the courts [sic] consideration . . . ." (Pl.'s Reply at 3.)  It is unclear when Shlesinger found these documents because he states only that the documents were discovered "recently."  (<u>Id.</u> at 2.)  Regardless, because the

documents in the Rubbermaid storage bin were in his possession, Shlesinger could have discovered them prior to Judgment through the exercise of due diligence.  Thus, these documents do not constitute new evidence under Rule 59(e) or 60(b).

The Court likewise declines to consider Pitaro's affidavit regarding Pitaro's investigation because Shlesinger does not show that with reasonable diligence Shlesinger could not have produced the affidavit before Judgment was entered on May 3, 2012. Although Pitaro's affidavit is dated May 17, 2012, after entry of Judgment, Shlesinger states that he hired Pitaro "[s]ometime in April 2012."  (Pl.'s Original Mot. for Recons., Ex. 5.; Pl.'s Mot. to Amend, Ex. 5; Pl.'s Mot. for Recons. at 3.)  In his affidavit, Pitaro testifies that he was first contacted by Shlesinger's attorney regarding the investigation on March 6, 2012, and that he met with Shlesinger on April 25, 2012.  (Pl.'s Original Mot. for Recons., Ex. 5; Pl.'s Mot. to Amend, Ex. 5.)  Shlesinger does not explain why he could not have provided Pitaro's affidavit before entry of Judgment even though Pitaro began his investigation before entry of Judgment.  However, even if the Court were to consider Pitaro's affidavit, it would not change the outcome of the case because the affidavit does not support the assertions set forth in Shlesinger's Motion regarding Knight's alleged misconduct.  The affidavit merely lists basic biographic and professional facts regarding Knight such as her birthday, employment history,  professional licenses, and involvement in other lawsuits.  (Id.)

As for the alleged forgery of Shlesinger's signature, Shlesinger raises new arguments and presents supporting evidence for the first time in his Reply.  The Court will not address issues first raised in a reply, "as the opposing party is not afforded any opportunity to respond to new issues raised in a reply, which is ordinarily the last document submitted prior to the Court's ruling on a motion." Carstarphen v. Milsner, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009) (quotation omitted).  As a result, the Court declines to consider Shlesinger's new arguments on reply regarding the forgeries or the attached Report

of Examination analyzing and comparing the allegedly forged signatures against Shlesinger's known signatures.  In any event, as discussed above, Shlesinger concedes the Uniform Residential Loan Application was in his former attorney's possession in 2009, before entry of Judgment on May 3, 2012, and is therefore not new evidence under Rule 59(e) or 60(b).

Even if the loan documents, Pitaro's affidavit, and the Report of Examination were new evidence, Shlesinger does not explain how this evidence would impact his claims against Bank of America and CTX that the Court already dismissed, nor does he otherwise explain how the evidence would have been likely to change the disposition of the case. Besides his failure to present newly discovered evidence, Shlesinger does not demonstrate clear error or manifest injustice or show an intervening change in the controlling law that would warrant reconsideration under Rule 59(e).  Nor has Shlesinger established any mistake, inadvertence, surprise or excusable neglect; fraud or misconduct by Defendants, or any other reason that would warrant reconsideration under Rule 60(b).  Accordingly, the Court will deny Shlesinger's Motion for Reconsideration.

The Court likewise will deny Shlesinger's Motion for Clarification.  Shlesinger's Complaint does not distinguish between his home mortgage loan and his HELOC loan. Indeed, at times the Complaint appears to confuse the two loans or refers to them interchangeably.  Regardless of which loan Shlesinger meant to refer to in his Complaint, all of Shlesinger's claims against Bank of America and CTX were dismissed for the reasons set forth in the Court's Order (Doc. #35).

## II.  MOTION FOR LEAVE TO AMEND (Doc. #39)

Shlesinger moves for leave to amend his Complaint to remove CTX as a defendant, to add Knight as a new defendant, and to assert six new claims: (1) consumer fraud/deceptive trade practices, (2) fraud, (3) constructive fraud, (4) tortious interference, (5) civil conspiracy, and (6) injunctive relief.  Shlesinger argues that leave to amend is

appropriate in light of the newly discovered evidence regarding the alleged concealed documents, forgeries of Shlesinger's signatures, and Knight's role in the conspiracy.  Bank of America opposes the Motion as futile, arguing that each of the claims in Shlesinger's proposed Amended Complaint fails as a matter of law.

Generally, a plaintiff may amend his complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.; Forman v. Davis, 371 U.S. 178, 182 (1962).  "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011).  A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion for failure to state a claim.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  It is within the district court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile."  Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).

Here, there is no indicia of bad faith or undue delay, and Shlesinger has not previously amended his Complaint.  Thus, the relevant questions are whether amendment would be futile and whether amendment will prejudice Defendants.

### A.  Jurisdiction

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between

"citizens of different States."  28 U.S.C. § 1332(a).  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).

Shlesinger's proposed Amended Complaint alleges six state law claims against Defendants Direct Equity, Knight, and Bank of America.  In the absence of a federal question, the Court would have jurisdiction over Shlesinger's proposed Amended Complaint only if there was complete diversity of citizenship.  Shlesinger's proposed Amended Complaint alleges Direct Equity is a Nevada citizen.  (Pl.'s Mot. to Amend, Ex. 6 at 2.)  Direct Equity therefore would destroy diversity jurisdiction.  As discussed below, Shlesinger has not filed proof of service in this Court as to Direct Equity, and Bank of America argues Direct Equity was fraudulently joined to destroy diversity jurisdiction.  Shlesinger never has responded to Bank of America's contention that Direct Equity was fraudulently joined.  Shlesinger does not make a citizenship allegation as to Knight.  (<u>Id.</u>) The Court therefore cannot determine whether Knight destroys diversity jurisdiction.  The Court therefore will deny amendment as to Direct Equity and Knight because Shlesinger's proposed Amended Complaint does not establish this Court's jurisdiction with respect to these two defendants.

However, as to Bank of America, Shlesinger alleges Bank of America is a foreign corporation.  (<u>Id.</u>)  Nevertheless, amendment as to Bank of America also would be futile because, as discussed below, Shlesinger's proposed claims against Bank of America could not withstand a motion to dismiss.

**B.  Consumer Fraud/Deceptive Trade Practices (Proposed Count One)**

Shlesinger's proposed Amended Complaint alleges he is a victim of consumer fraud as defined in Nevada Revised Statutes § 41.600(2) because Bank of America committed acts that constitute deceptive trade practices under Nevada Revised Statutes §§ 598.0915 and 598.0917.  Bank of America argues that this claim sounds in fraud and

that Shlesinger fails to allege fraud with particularity under Rule 9(b).

In Nevada, a person who is a victim of consumer fraud is entitled to bring an action pursuant to Nevada Revised Statutes § 41.600(1).  Consumer fraud includes a deceptive trade practice under Nevada's Deceptive Trade Practices Act, Nevada Revised Statutes §§ 598.0915 to 589.0925, inclusive.  Nev. Rev. Stat. § 41.600(2)(e).  Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud."  Pleading fraud with particularity requires allegations regarding the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted).  Further, "the plaintiff must set forth what is false or misleading about a statement, and why it is false." Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted).

Shlesinger has failed to allege consumer fraud with particularity.  Though Shlesinger lists numerous statutory provisions that Bank of America allegedly violated, he does not allege how the complained of conduct violates any of these provisions.  His proposed Amended Complaint does not contain any specific factual allegations detailing the time, place, and content of any representations allegedly made by Bank of America that violated the Nevada Deceptive Trade Practices Act.  Nor does Shlesinger allege why the misrepresentations were false.  Accordingly, amendment to add this proposed claim would be futile.

**C.  Fraud (Proposed Count Two)**

Shlesinger's proposed amendment alleges Bank of America made statements to him to entice him to enter into a loan agreement, that Bank of America ignored loan documents that were defective on their face, and that Bank of America failed to disclose to Shlesinger the fraudulent activities of other Defendants.  Bank of America argues amendment is futile because Shlesinger does not plead fraud with the requisite particularity. In his proposed Amended Complaint, Shlesinger contends the Court should relax the

pleading standard because the facts necessary to plead fraud with particularity are solely within Bank of America's possession.

To state a claim for fraud, a plaintiff must allege that (1) the defendant made a false representation, (2) the defendant knew or believed the representation to be false, (3) the defendant intended to induce plaintiff to rely on the misrepresentation, and (4) the plaintiff suffered damages as a result of his or her reliance on the misrepresentation. Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998). As described above, a plaintiff must allege fraud with particularity. Fed. R. Civ. P. 9(b); Swartz, 476 F.3d at 764; Lungwitz, 616 F.3d at 998.

Here, Shlesinger has failed to allege fraud with the requisite particularity under Rule 9(b). Shlesinger groups all Defendants together without distinguishing who did what, when, and why the representations made were false. Although Shlesinger alleges the loan documents were defective on their face, Shlesinger does not provide a single example of the inconsistencies or irregularities. Further, Shlesinger is not subject to a relaxed pleading standard because the allegedly fraudulent conduct consisted of unspecified representations that Bank of America made to Shlesinger before or at the time of closing and inconsistencies with the loan documents. As such, information such as names, dates, the content of false statements, and the identities of the parties involved are equally available to Shlesinger, who participated in the closing. Accordingly, amendment to add this proposed claim would be futile.

### D. Constructive Fraud (Proposed Count Three)

Shlesinger's proposed amendment alleges Bank of America was in a relationship of special confidence with him and that, despite this alleged special relationship, it failed to disclose to him fraudulent activities and failed to verify information on the loan documents or to verify his ability to repay the loan. Bank of America argues this claim is futile because a fiduciary relationship between a lender and a borrower does not exist as a matter

of law.

In Nevada, constructive fraud is "the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence." <u>Perry v. Jordan</u>, 900 P.2d 335, 337 (Nev. 1995) (quotation omitted).  "Constructive fraud is characterized by a breach of fiduciary duty arising out of a fiduciary or confidential relationship." <u>Id.</u> (quotation omitted).  Such a confidential relationship exists "when one reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." <u>Id.</u>  Absent exceptional circumstances, a lender does not owe fiduciary duties to a borrower beyond contractual obligations. <u>Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.</u>, 359 F. Supp. 2d 1075, 1089-90 (D. Nev. 2004), <u>overruled on other grounds by</u> <u>Giles v. Gen. Motors Acceptance Corp.</u>, 494 F.3d 865 (9th Cir. 2007).

Shlesinger fails to allege facts supporting a fiduciary or confidential relationship with Bank of America beyond the typical arms-length lender-borrower relationship. Although Shlesinger's proposed amendment alleges he entered into verbal and written agreements of "special confidence" with Bank of America, he does not provide any specific facts regarding these agreements.  Amendment to add this proposed claim therefore is futile.

### E.  Tortious Interference (Proposed Count Four)

In his proposed amendment, Shlesinger alleges Bank of America knew or should have known that he had existing contractual relationships with third parties and that if he entered into the loan agreement, his contractual relationships with the third parties would be impaired.  Shlesinger further alleges he has been damaged because he has been unable to meet his contractual relationships with third parties due to the loan.  Bank of America argues this claim is futile because Shlesinger alleges no facts indicating Bank of America knew of any contractual relationships with third parties or that Bank of America intended to

disrupt these relationships.

In Nevada, to state a claim for intentional interference with contractual relationships, a plaintiff must allege: "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." J.J. Indus., LLC v. Bennett, 71 P.3d 1264, 1267 (Nev. 2003).  The defendant's "mere knowledge of the contract is insufficient to establish that the defendant intended or designed to disrupt the plaintiff's contractual relationship; instead, the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff." Id. at 1268.

Here, Shlesinger's proposed amendment is futile because he does not allege any facts indicating that Bank of America knew about Shlesinger's contractual relationships with any third parties and intended to disrupt them by inducing the third parties to breach their contracts with Shlesinger.  Shlesinger merely makes the conclusory allegation that Bank of America should have known Shlesinger would be unable to meet his obligations to third parties if he entered into the loan at issue in this case.  Given that these allegations cannot support a tortious interference claim, amendment to add this proposed claim is futile.

### F.  Civil Conspiracy (Proposed Count Five)

Shlesinger's proposed Amended Complaint alleges Bank of America and the other Defendants conspired to induce Shlesinger to close on the loan through fraud and breach of fiduciary duty, resulting in disadvantage to Shlesinger.  Bank of America argues amendment is futile because Shlesinger fails to allege facts giving rise to a plausible entitlement to relief on a civil conspiracy claim and because Shlesinger's underlying claims fail as a matter of law.

"An actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose

of harming another, and damage results from the act or acts."  Consol. Generator-Nev., Inc. v. Cummins Engine Co., 971 P.2d 1251, 1256 (Nev. 1998) (quotation omitted).  A bare allegation that a conspiracy exists is insufficient; instead, a complaint for civil conspiracy must allege facts such as the "specific time, place, or person involved in the alleged conspiracies."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565 n.10 (2007) (holding that allegations that a conspiracy took place over a seven-year span without identifying a specific time, place, or person involved are insufficient to state a claim).  Moreover, a civil conspiracy is not a stand-alone claim; it requires an underlying civil wrong.  See Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety, 110 P.3d 30, 51 (Nev. 2005) (stating that "an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud"), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670, 672 n.6 (Nev. 2008).

Shlesinger has not sufficiently alleged the requisite elements of a civil conspiracy.  Shlesinger makes only conclusory allegations of a conspiracy involving Bank of America without alleging a specific time, place, or people involved.  Further, Shlesinger's civil conspiracy claim is derivative of his fraud claims, which the Court already has determined are not actionable as pled.  Amendment to add this proposed claim therefore is futile as well.

### G.  Injunctive Relief (Proposed Count Six)

Shlesinger's proposed amendment includes a claim for injunctive relief. Shlesinger seeks an order requiring Bank of America to produce the note evidencing Shlesinger's HELOC loan.  Bank of America argues amendment is futile because injunctive relief is a remedy, not an independent cause of action and because Shlesinger's claim for injunctive relief is wholly derivative of his other claims which are futile.

Injunctive relief, standing alone, is not a cause of action.  State Farm Mut. Auto. Ins. Co. v. Jafbros Inc., 860 P.2d 176, 178 (Nev. 1993) (referring to an injunction as a

remedy); <u>Cole v. CIT Grp./Consumer Fin., Inc.</u>, 2010 WL 5134999, at *1 n.1 (D. Nev. Dec. 9, 2010) (stating that injunctive relief is a remedy, not a cause of action).  Injunctive relief is available when a plaintiff is entitled to such a remedy on an independent cause of action. <u>Id.</u> Here, Shlesinger does not provide any legal grounds upon which the Court would be able to provide injunctive relief.  Shlesinger's other proposed claims are futile.  Amendment to add this proposed relief therefore is futile.

Given that each of Shlesinger's proposed claims fail as a matter of law, amendment would be futile in this case.  Prolonging the litigation by permitting amendment would result in undue prejudice to Bank of America.  The Court, in its discretion, therefore will deny Shlesinger's Motion for Leave to Amend Plaintiff's Complaint (Doc. #39).

## III.  PROOF OF SERVICE & FRAUDULENT JOINDER

Federal Rule of Civil Procedure 4(m) provides, in relevant part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant."  Here, the Complaint was filed on October 12, 2011.  (Pet. for Removal (Doc. #1), Ex. A.)  Service of process therefore should have occurred no later than February 9, 2012.  To date, Shlesinger has not filed proof of service in this Court as to Defendant Direct Equity.

The Court will order Shlesinger to file proof of service as to Direct Equity within ten (10) days from the date of this Order, which service must have taken place prior to the expiration of the 120-day time limit set forth in Federal Rule of Civil Procedure 4(m).  The Court further will order that if Shlesinger timely files proper proof of service as to Direct Equity, Shlesinger also shall brief the issue of whether Direct Equity was fraudulently joined to destroy diversity jurisdiction in this matter.  Shlesinger shall file the additional briefing within twenty (20) days from the date of this Order.  Failure to comply with this Order will result in dismissal of this case, without prejudice, as to Direct Equity.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Gerald Shlesinger's Motion for Reconsideration; Motion to Clarify; and Motion for Leave to Amend Plaintiff's Complaint (Doc. #37) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff Gerald Shlesinger's Motion for Reconsideration and to Clarify (Doc. #38) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff Gerald Shlesinger's Motion for Leave to Amend Plaintiff's Complaint (Doc. #39) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff Gerald Shlesinger shall file proof of service as to Defendant Direct Equity Mortgage, LLC within ten (10) days from the date of this Order, which service must have taken place prior to the expiration of the 120-day time limit set forth in Federal Rule of Civil Procedure 4(m).  Failure to comply with this Order will result in the dismissal of this case, without prejudice, as to Defendant Direct Equity Mortgage, LLC.

IT IS FURTHER ORDERED that if Plaintiff Gerald Shlesinger timely files proof of service as to Defendant Direct Equity Mortgage, LLC pursuant to this Order, Plaintiff Gerald Shlesinger additionally shall file briefing on the issue of whether Defendant Direct Equity Mortgage, LLC, was fraudulently joined within twenty (20) days from the date of this Order.  Failure to comply with this Order will result in the dismissal of this case, without prejudice, as to Defendant Direct Equity Mortgage, LLC.

DATED:  July 23, 2012

_____
PHILIP M. PRO
United States District Judge